983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronnell Alden MANEY, Defendant-Appellant.
 No. 91-5906.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 9, 1992
Decided: December 30, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-91-80)
 Brenda Brewer, Hunter & Large, Sylva, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina; Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mr. Ronnell Maney was convicted by a jury of assault resulting in serious bodily injury, 18 U.S.C. § 113(f) (1988). He appeals his conviction and sentence. Appellant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue with respect to the sufficiency of evidence to sustain his conviction and another issue with respect to the district court's offense characterization of the victim's injury. Maney has been notified of his right to file a supplemental brief raising additional grounds for relief, but has failed to do so. We find no merit to his claims; nor do we find any reversible error upon an independent review of the record. Accordingly, we affirm his conviction and sentence.
 
 I.
 
 2
 This Court reviews challenges to the sufficiency of the evidence in the light most favorable to the government, and determines if any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, this Court sustains the jury's verdict if there was substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from proven facts to those sought to be established. Tresvant, 677 F.2d at 1021.
 
 
 3
 The Government's evidence consisted of testimony indicating that Maney and Mr. James Youngbird consumed a great quantity of alcohol at Youngbird's house[1] one evening. Although conflicts in Youngbird's testimony exist, he testified that Maney beat him and hit him with the poker. Where there are conflicts in testimony, it is for the jury and not the appellate court to weigh the evidence and judge the credibility of the witness. Tresvant, 677 F.2d at 1021. This Court is bound by the "credibility choices of the jury," and will not weigh evidence or review credibility of a witness in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1983), (citing United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984)). Moreover, there is evidence that Maney admitted beating Youngbird. Therefore, this claim is meritless.
 
 II.
 
 4
 Maney also alleges that the district court erred in its characterization of the injury as a permanent or life-threatening bodily injury rather than that of a serious bodily injury under the guidelines. Therefore, Maney argues that the district court erred in increasing the base level by six instead of by four, as prescribed by the sentencing guidelines. United States Sentencing Commission, Guidelines Manual, § 2A2.2(b)(3)(B-C) (Nov. 1991).
 
 
 5
 There is evidence to support the offense characterization of injury as a permanent or life-threatening bodily injury. The injuries noted by the emergency room doctor were two scalp lacerations, intracranial bleeding, a fractured rib, abrasions on his knees, and fractures in the second and third metacarpals of his left hand. One doctor considered the injuries serious and life threatening. Youngbird also demonstrated to the jury his limited capacity to move his left hand. Furthermore, testimony indicated that, after the assault, Youngbird was "unable to care for himself." Therefore, the district court's characterization of the injury as a permanent or life-threatening injury was proper.
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1988), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review.[2] If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The events in this case occurred on the Cherokee Indian Reservation
 
 
 [2]
 In addition, we deny counsel's motion to withdraw